AO 245B (Rev. 09/11) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|

v.

Case Number: 23-cr-0035-bhl
USM Number: 92862-509

BLESSING K. EGBON

Michelle L. Jacobs
Defendant's Attorney

Gregory J. Haanstad
Assistant United States Attorney

THE DEFENDANT pled guilty to Counts One, Two, and Three of the Information. The Court adjudicates him guilty of these offenses:

| Title & Section | Nature of Offense | Date Concluded | Counts |
|---|---|---|---|
| 18 U.S.C. §1343 | Wire Fraud | July 2020 | 1, 2, & 3 |

The Court sentences the defendant as provided in this judgment. The Court imposes the sentence under the Sentencing Reform Act of 1984.

The Court ORDERS that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and the United States Attorney of material changes in economic circumstances.

Date Sentence Imposed: July 28, 2023

Hon. Brett H. Ludwig, United States District Court

Date Judgment Entered: July 28, 2023

AO 245B (Rev. 09/11) Judgment in a Criminal Case

DEFENDANT: BLESSING K. EGBON
CASE NUMBER: 23-cr-0035-bhl

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of Fifty-One (51) Months as to Counts One, Two, and Three of the Information, each count to be served concurrently.

☒ The Court makes the following recommendations to the Bureau of Prisons:
that the defendant be considered for incarceration at FCI Oxford

☐ The defendant is remanded to the custody of the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons as notified by the Probation or Pretrial Services Office on or after September 27, 2023.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
with a certified copy of this judgment.

_____
United States Marshal

_____
By: Deputy United States Marshal

DEFENDANT: BLESSING K. EGBON
CASE NUMBER: 22-cr-0035-bhl

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of Three (3) Years.

### MANDATORY CONDITIONS

1.  The defendant shall not commit another federal, state, or local crime.

2.  The defendant shall not illegally possess any controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.

3.  The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this Court as well as with any additional conditions on the attached page.

### CONDITIONS OF SUPERVISION

1. Unless directed otherwise by the probation officer, the defendant must report to the probation office in the federal judicial district where the defendant resides within 72 hours of release from imprisonment.
2. After initially reporting to the probation office, the defendant will receive instructions from the Court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.
3. The defendant must not own, possess, or have under the defendant's control a firearm, ammunition, destructive device, or dangerous weapon.
4. The defendant must not knowingly leave the federal judicial district without first getting permission from the Court or the probation officer. The Court expects the supervising probation officer to work with the defendant and accommodate the defendant's travel schedule for work.
5. The defendant must follow the instructions of the probation officer designed to make sure the defendant complies with the conditions of supervision.
6. The defendant must answer truthfully the questions asked by the probation officer related to the conditions of supervision subject to their Fifth Amendment right against self-incrimination.
7. The defendant must work full-time (at least 30 hours per week) at a lawful type of employment unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where they work or anything about their work (such as position or job responsibilities), the defendant must tell the probation officer at least ten calendar days before the change. If telling the probation officer in advance is not possible due to unanticipated circumstances, the defendant must tell the probation officer within 72 hours of the change.

AO 245B (Rev. 09/11) Judgment in a Criminal Case

DEFENDANT: BLESSING K. EGBON
CASE NUMBER: 22-cr-0035-bhl

### CONDITIONS OF SUPERVISION (continued)

8. The defendant must live at a place approved by the probation officer. If the defendant plans to change where the defendant lives or anything about the defendant's living arrangements (such as the people the defendant lives with), the defendant must tell the probation officer at least ten calendar days before the change. If telling the probation officer in advance is not possible due to unanticipated circumstances, the defendant must tell the probation officer within 72 hours of the change.

9. If the defendant knows someone is committing a crime, or is planning to commit a crime, the defendant must not knowingly communicate or interact with that person in any way.

10. The defendant must allow the probation officer to visit the defendant at reasonable times, at home or other reasonable locations, and the defendant must permit the probation officer to take any items prohibited by the conditions of supervision that the probation officer observes in plain view.

11. If the defendant is arrested or questioned by a law enforcement officer, the defendant must tell the probation officer within 72 hours.

12. The defendant must not make any agreement with a law enforcement agency to act as an informer or a special agent without first getting the permission of the Court.

13. The defendant is to pay the restitution at a rate of not less than $1,000.00 per month. The defendant will also apply 100 percent of any annual federal and/or state income tax refund(s) toward payment of any restitution and fine balance. The defendant shall not change exemptions claimed for either federal or state income tax purposes without prior notice to his supervising probation officer.

14. The defendant shall not open new lines of credit, which includes the leasing of any vehicle or other property, or use existing credit resources without the prior approval of his supervising probation officer. After the defendant's court ordered financial obligations have been satisfied, this condition is no longer in effect.

15. The defendant is to provide access to all financial information requested by his supervising probation officer including, but not limited to, copies of all federal and state income tax returns. All tax returns shall be filed in a timely manner. The defendant shall also submit monthly financial reports to his supervising probation officer.

DEFENDANT: BLESSING K. EGBON
CASE NUMBER: 22-cr-0035-bhl

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on the attached page.

| **Total Special Assessment** | **Total Fine** | **Total Restitution** |
|:---:|:---:|:---:|
| **$300.00** | **Waived** | **$3,054,998.91** |

The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

| PAYEE | AMOUNT |
|---|---|
| Gener8tor Fund III, LLC | $90,000.00 |
| RSCM Fund III | $106,856.47 |
| EVPI Investment I LP | $40,109.53 |
| Comeback Capital, LP | $26,772.42 |
| 9Mile Fund III, LLC | $26,783.32 |
| Bright Portfolio Management, LLC | $50,000.00 |
| Acceleprise SF Venture Capital | $53,588.58 |
| Doyenne Group Inc. | $26,808.90 |
| Patrick McKenna | $26,849.01 |
| Liberated LLC | $53,472.06 |
| John A. Hevey | $60,000.00 |
| Waftt LLC | $53,778.06 |
| Peregrine Select Fund I LP | $278,366.58 |
| Michigan Growth Capital Partners II | $2,161,613.98 |
| **TOTAL:** | **$3,054,998.91** |

If a defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

☒   The court determined that the defendant does not have the ability to pay interest, and it is ordered that the interest requirement is waived for the ☐ fine ☒ restitution.

**      Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 09/11) Judgment in a Criminal Case

DEFENDANT: BLESSING K. EGBON
CASE NUMBER: 22-cr-0035-bhl

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

The defendant's obligation to pay the $300.00 special assessment and the $3,054,998.91 restitution balance begins immediately.

After his release from custody, the defendant must make payments toward the remaining balance of the special assessment and restitution obligations of no less than $25 per month, until paid in full, to start thirty days after he is released from custody.

The defendant must make all criminal monetary penalty payments, except any payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) special assessment, (2) restitution principal and (3) costs (if any, including the costs of prosecution).

☐　Joint and Several (Defendant and Co-Defendant Names, Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate): _____

☐　The defendant shall pay the cost of prosecution; or ☐　The defendant shall pay the following court costs:

☐　The defendant shall forfeit the defendant's interest in the following property to the United States: